'08 CIV 7256

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD KATZ and KATZ IMPORTS, INC., on behalf of themselves and all others similarly situated, | Civ No. |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. |  |
| CIT GROUP INC., JEFFREY M. PEEK, JOSEPH M. LEONE, WILLIAM J. TAYLOR, GARY C. BUTLER, WILLIAM M. FREEMAN, SUSAN LYNE, MARIANNE MILLER PARRS, TIMOTHY M. RING, JOHN RYAN, SEYMOUR STERNBERG, PETER J. TOBIN, and LOIS M. VAN DEUSEN, | |
| Defendants. | |

Plaintiffs Todd Katz and Katz Imports, Inc. ("Plaintiffs") allege the following based upon the investigation of counsel, which included, among other things, a review of the public announcements made by defendants, Securities and Exchange Commission ("SEC") filings, press releases, analyst reports and media reports regarding CIT Group Inc. ("CIT" or the "Company").

### I. JURISDICTION AND VENUE

1. The claims asserted herein arise under Sections 11, 12 and 15 (15 U.S.C. §§77k, 77l and 77o) of the Securities Act of 1933 ("1933 Act").

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §22 of the 1933 Act (15 U.S.C. §77v).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because CIT's headquarters are located in New York City, and many of the acts and false

statements complained of herein occurred in substantial part in this District.

4. In connection with the acts alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

## II. NATURE OF THE ACTION

5. This is a federal securities class action alleging violations of Sections 11, 12 and 15 of the 1933 Act (15 U.S.C. §§77k, 77l and 77o) brought by Plaintiffs against defendants on behalf of a class (the "Class") consisting of all persons or entities who purchased CIT-Z preferred stock pursuant ("CIT-Z") and/or traceable to the Company's false and misleading registration statement and prospectus filed pursuant to Rule 424(b)(3) with the SEC on October 17, 2007 (collectively, the "Prospectus") through March 5, 2008.

6. CIT purports to be "a global commercial finance company that provides financial products and advisory services to more than one million customers in over 50 countries across 30 industries."

7. On October 17, 2007, CIT issued 24,000,000 Equity Units at $25 per unit pursuant to the Prospectus (the "Offering"). The Offering raised $600 million.

8. On February 29, 2008, CIT filed its Form 10-K for its fiscal year 2007, reporting its financial results for year ended December 31, 2007. With regard to its private student loan portfolio, which includes loans that are not guaranteed by the U.S. government, CIT said:

> The Company ceased originating private (unguaranteed) student loans in
> late 2007 based on an evaluation of the return and risk characteristics of this

student lending product, but has continued to fund pre-existing loan commitments. *In February 2008, a private pilot training school filed bankruptcy. Our student lending business had originated private (unguaranteed) loans to students of the school, which totaled approximately $196 million in total principal and accrued interest as of December 31, 2007. We ceased originating new loans to students of this school in mid-2007. Approximately $17 million of the total loans represents loans to students who have completed their education (loans in "repayment"); the remainder is to students who have not yet completed their training.* Loans in repayment to students of this school that were past due loans 60 days or more were approximately $2.0 million at December 31, 2007. Collectibility of the outstanding principal and interest balance of loans that have both reached, and have not yet reached repayment status, will depend on a number of factors, including the student's current ability to repay the loan, whether a student has completed the licensing requirements, whether a student can complete any remaining education requirements at another institution (including making further tuition payments and accessing previous education records) and satisfy any remaining licensing requirements.

Management is currently evaluating the collectibility and projected cash flows related to these loans. Given that the loans are unsecured and that uncertainties exist regarding collection, management currently expects that additional reserves may be required in 2008 in connection with these loans.

(Emphasis added).

9. On this news, CIT-Z shares declined $1.25 per share, or approximately 7% from $19.25 per share to close at $17.70 per share.

10. On March 6, 2008, an analyst at Keefe, Bruyette & Woods issued a report stating that CIT would have to write-off the entire Silver State student loan portfolio.

11. On this news, CIT-Z price declined $3.30 per share from a closing price on March 5, 2008 of $16.30 per share to close at $13.00 per share, a decline of approximately 20%.

12. The Prospectus for the Offering was materially false and misleading because at the time of the Offering CIT failed to disclose the following:

3

    a) CIT, through its subsidiary Student Loan Xpress ("SLX"), served as the preferred student loan lender of Silver State Helicopter and Silver State was SLX's largest private student loan customer;

    b) Approximately $196 million of CIT's $364.6 million (as of June 30, 2007) private student loan portfolio was comprised of student loans given to students of Silver State;

    c) SLX had materially defective underwriting guidelines and approved virtually all the student loan applications submitted, often requiring little or no evidence of the borrowers' ability to pay the loan and approved loans without requiring documentation;

    d) That given the following material adverse conditions, Silver State students were unlikely to graduate, which materially increased the likelihood that students would not repay the loan: (i) Silver State lacked material resources to fulfill the promised training program; (ii) Silver State was an unaccredited and unregulated helicopter flight academy; (iii) Although by 2005 Silver State had become the largest private helicopter flight academy and one of the fastest growing companies in any industry in the United States, less than 10% of the matriculated students ever graduated within the 18 month timeline because the school lacked the equipment, instructors and other resources necessary to implement the program; (iv) By the beginning of 2007, defaults for Silver State student loans had materially increased; and (v) in August 2007, SLX ceased originating student loans to Silver State students.

    e) Given the conditions set forth above, Silver State should have begun writing off its Silver State student loans beginning in quarter ended June 30, 2007. Failure to do so materially overstated CIT's income in violation of GAAP.

13. On August 11, 2008, CIT-Z shares closed at $10.86 per share.

### III. PARTIES

14. Plaintiffs purchased CIT-Z shares pursuant or traceable to the Prospectus, as set forth in the accompanying certification, and have been damaged thereby.

15. Defendant CIT is headquartered in New York, New York. CIT-Z shares trade on the NYSE under the symbol "CITPRZ".

16. Defendant Jeffrey M. Peek ("Peek") is Chief Executive Officer of the

4

Company. Peek signed or authorized the signing of the false and misleading Prospectus.

17. Defendant Joseph M. Leone ("Leone") is Vice Chairman and Chief Financial Officer of the Company. Leone signed or authorized the signing of the false and misleading Prospectus.

18. Defendant William J. Taylor ("Taylor") is Executive Vice President, Controller and Controller of the Company.

19. Defendant Gary C. Butler ("Butler") is a director of CIT and signed or authorized the signing of the false and misleading Prospectus.

20. Defendant William M. Freeman ("Freeman") is a director of CIT and signed or authorized the signing of the false and misleading Prospectus.

21. Defendant Susan Lyne ("Lyne") is a director of CIT and signed or authorized the signing of the false and misleading Prospectus.

22. Defendant Marianne Miller Parrs ("Parrs") is a director of CIT and signed or authorized the signing of the false and misleading Prospectus.

23. Defendant Timothy M. Ring ("Ring") is a director of CIT and signed or authorized the signing of the false and misleading Prospectus.

24. Defendant John Ryan ("Ryan") is a director of CIT and signed or authorized the signing of the false and misleading Prospectus.

25. Defendant Seymour Sternberg ("Sternberg") is a director of CIT and signed or authorized the signing of the false and misleading Prospectus.

26. Defendant Peter J. Tobin ("Tobin") is a director of CIT and signed or authorized the signing of the false and misleading Prospectus.

27.    Defendant Lois M. Van Deusen ("Van Deusen") is a director of CIT and signed or authorized the signing of the false and misleading Prospectus.

28.    The defendants referenced above in ¶¶ 16-27 are referred to herein as the "Individual Defendants."

## IV. CLASS ACTION ALLEGATIONS

29.    Plaintiffs bring this action as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of all persons or entities who purchased shares of CIT-Z pursuant and/or traceable to the Company's false and misleading Prospectus filed with the SEC on October 17, 2007 through March 5, 2008, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants herein, any director, officer, partner, subsidiary, or affiliate of any corporate or limited partnership defendant herein, and/or any entity in which any excluded person has a controlling interest; and their legal representatives, heirs, successors and assigns.

30.    The members of the Class are so numerous that joinder of all members is impracticable. CIT-Z was actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that there are hundreds of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.  CIT has 24 million shares CIT-Z outstanding.

31.     Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

32.     Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class and securities litigation.

33.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a)     whether the 1933 Act was violated by defendants' acts as alleged herein;

(b)     whether statements made by defendants to the investing public in the Registration Statement misrepresented material facts about the business, operations and management of CIT; and

(c)     to what extent the members of the Class have sustained damages and the proper measure of damages.

34.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## V.    FALSE AND MISLEADING STATEMENTS

35. The Prospectus for the Offering stated, among other things, that "[w]e periodically review our consolidated reserve for credit losses for adequacy considering economic conditions and trends, collateral value and credit quality indicators, including past charge-off experience and levels of past due loans and non performing assets."

36. The Prospectus incorporated by reference CIT's financial results for the quarter ended June 30, 2007 that were filed with the SEC on Form 10-Q on August 8, 2007.

37. For the period ended June 30, 2007, CIT reported total net revenue of $959.3 million, a net loss of $127 million and credit loss reserves of $508.1 million. The Prospectus reported CIT's Private (non-guaranteed) loans receivables were $364.6 million as of June 30, 2007.

38. Moreover, the Prospectus included the following statements:

Consumer and Small Business Lending delinquency increased in 2007, driven by home lending and student lending . . . Student lending delinquencies were $487.7 million (5.03%) at June 30, 2007, up from $452.9 million (4.77%) at March 31, 2007 and $400.1 million (4.71%) at December 31, 2006.

\*    \*    \*

**Student Lending (Student Loan Xpress)**

The Consumer Finance student lending portfolio, which is marketed as Student Loan Xpress, totaled $10.3 billion at June 30, 2007, representing 14% of owned and 13% of managed assets. Loan origination volumes were $1.3 billion for both quarters ended June 30, 2007 and 2006 and $3.2 billion and $2.9 billion for the six months then ended. Student Loan Xpress has arrangements with certain financial institutions to sell selected loans and works jointly with these financial institutions to promote these relationships . . . .

Delinquencies (sixty days or more) were $487.7 million, 5.03% of finance receivables at June 30, 2007 and $400.1 million, 4.71% at December 31, 2006. Top 5 state concentrations (California, New York, Texas, Ohio, and Pennsylvania) represented an aggregate 36% of the portfolio.

39. The statements in the Prospectus set forth above were materially false and misleading for the reasons set forth above in paragraph 12.

## COUNT I
### Violations of Section 11 of the 1933 Act Against CIT and the Individual Defendants

40. Plaintiffs repeat and reallege each and every allegation contained above.

41. This Count is brought pursuant to Section 11 of the 1933 Act, 15 U.S.C. §77k, on behalf of the Class, against CIT and the Individual Defendants.

42. The Prospectus (which is defined above to include the Registration Statement) was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

43. CIT is the issuer. As issuer of the shares, CIT is strictly liable to Plaintiffs and to the members of the Class who purchased pursuant and/or traceable to the Registration Statement for the materially untrue statements and omissions alleged herein.

44. The Individual Defendants were directors of CIT and signed the Registration Statement or authorized it to be signed on their behalf and were responsible for the contents and dissemination of the Registration Statement.

45. By reasons of the conduct herein alleged, each defendant violated, and/or controlled a person who violated, Section 11 of the 1933 Act.

46.     Plaintiffs and the Class purchased CIT-Z shares pursuant and/or traceable to the Prospectus and sustained damages thereby. The value of CIT-Z shares has declined substantially subsequent to and due to defendants' violations.

47.     At the time of their purchases of CIT shares, Plaintiffs and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered each of those facts prior to March 6, 2008.

48.     This claim was brought within the applicable statute of limitations.

## COUNT II
### Violations of Section 12 of the 1933 Act
### Against CIT and the Individual Defendants

49.     Plaintiffs repeat and reallege each and every allegation contained above.

50.     This Count is brought pursuant to Section 12 of the 1933 Act against Defendant CIT and the Individual Defendants.

51.     CIT offered or sold CIT-Z stock by means of a prospectus which included untrue statements of material fact or omitted to state material facts necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

52.     By issuing CIT-Z, the Company participated in the offering, and sale of the stock to the investing public by means of the Prospectus.

53.     The Individual Defendants were sellers, offerors, and/or solicitors of purchasers of the shares offered pursuant to the Prospectus.

54.     By means of the Prospectus, and by using means and instruments of transportation and communication in interstate commerce and of the mails, the

Company offered and stock to Plaintiffs and other members of the Class, who purchased in the Offering.

55.     Defendants owed to the purchasers of CIT-Z, the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement to ensure such statements were true and that the Prospectus did not omit to state any material facts.

56.     Plaintiffs and members of the Class who purchased CIT common stock in the Offering have sustained damages as a result of the untrue statements of material facts and omissions in the Prospectus, for which they hereby are entitled to rescind and tender their shares of CIT-Z stock to Defendants sued herein in return for the consideration paid for CIT-Z with interest.

57.     This claim was brought within the applicable statute of limitations.

58.     By virtue of the foregoing, CIT and the Individual Defendants have violated Section 12(a)(2) of the Securities Act.

### COUNT III
### Violations of Section 15 of the 1933 Act
### Against the Individual Defendants

59.     Plaintiffs repeat and reallege each and every allegation contained above.

60.     This Count is brought pursuant to §15 of the 1933 Act against the Individual Defendants.

61.     Each of the Individual Defendants was a control person of CIT by virtue of his or her position as a director and/or senior officer of CIT. The Individual Defendants each had a series of direct and/or indirect business and/or personal relationships with other directors and/or officers and/or major shareholders of CIT.

62.   As a control person of CIT, each of the Individual Defendants is liable jointly and severally with and to the same extent as CIT for its violation of Sections 11 and 12 of the 1933 Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief and judgment, as follows:

A.   Determining that this action is a proper class action and appointing Plaintiffs as Class representatives under Rule 23 of the Federal Rules of Civil Procedure;

B.   Awarding damages in favor of plaintiffs and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.   Awarding plaintiffs and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

D.   Awarding rescission or a rescissory measure of damages; and

E.   Such equitable/injunctive or other relief as deemed appropriate by the Court.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

DATED: August 15, 2008

                            KAPLAN FOX & KILSHEIMER LLP
                            By: /s/ Robert N. Kaplan

Robert N. Kaplan
Jeffrey P. Campisi
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7114

                    and

Michael E. Criden
CRIDEN & LOVE, P.A.
7301 S.W. 57th Court, Suite 515
South Miami, Florida 33143
Phone: (305) 357-9000
Facsimile: (305) 357-9050

Counsel for Plaintiffs

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, Todd Katz, individually and as President of Katz Imports, Inc., hereby certify and swear as follows:

1. I have reviewed a Complaint against CIT Group, Inc. alleging violations of the securities laws and authorize its filing;

2. I am willing to serve as a representative party on behalf of a class, or to be a member of a group representing a class, including providing testimony at deposition and trial, if necessary;

3. I have not within the 3-year period preceding the date hereof sought to serve, or served, as a representative party on behalf of a class in an action brought under the federal securities laws, unless noted hereafter.

The following is a description of my transactions during the class period specified in the Complaint in the securities of CIT Group, Inc.:

| Security | Transaction | Trade Date | Price per Share |
|---|---|---|---|
| CIT Z | Bought 1,000 shares | October 17, 2007 | $25.00 |
| CIT Z | Bought 1,500 shares | October 17, 2007 | $25.00 |

4. I did not purchase shares of CIT Group, Inc. at the direction of my counsel or in order to participate in any private action under the federal securities laws;

5. I will not accept any payment for serving as a representative party on behalf of a class beyond my pro rata share of any recovery, except as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated August 13, 2008

Todd Katz

Todd Katz, President of Katz Imports, Inc.